**Baudilio de Jesus RODRIGUEZ LANDAVERDE;  et al.,**
**Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71025.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 27, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Duong, Law Offices of Peter Duong, Oakland, CA, for Petitioners.

OIL, James Arthur Hunolt, Senior Litigation Counsel, Nehal Kamani, Vanessa Lefort, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Baudilio de Jesus Rodriguez Landaverde and Ana Maribel Martinez Rojas, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey*, 542

F.3d 738, 742 (9th Cir.2008), and deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of removal because petitioners failed to show that Rodriguez Landaverde's alleged persecutors threatened him on account of a protected ground. Petitioners' fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group, *see id.* at 745–46 (holding that the group of young men in El Salvador resisting gang violence is too loosely defined to meet the requirement for particularity), or political opinion, *see id.* at 747 (affirming BIA's determination that "general aversion to gangs does not constitute a political opinion for asylum purposes"). *See also Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioners do not challenge the denial of protection under the Convention Against Torture.